# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**STEVEN RAY SHELTON, #40281**                              **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 3:08CV394 WHB-LRA**

**JACQUELYN BANKS**                                          **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the [9] Motion to Dismiss filed by Margaret Bingham [hereinafter Respondent]. Respondent moves this Court, pursuant to 28 U.S.C. § 2244(d), to dismiss the Petition for Writ of Habeas Corpus of Steven Ray Shelton [hereinafter Petitioner]. Respondent argues that the petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and, for this reason, it should not be considered on its merits. Having carefully considered all briefing on the matter and all the applicable law, the Undersigned hereby recommends as follows:

## FACTS AND PROCEDURAL HISTORY

On October 4, 2002, Petitioner Steven Ray Shelton pled guilty to two counts of sale of a controlled substance in Rankin County, Mississippi. That same day, he was sentenced to serve thirty (30) years in the custody of the Mississippi Department of Corrections for each count (with both sentences to run concurrently) with twelve (12) years to serve and five (5) years on post-release supervision. Petitioner was also ordered to pay a $5,000.00 fine and court costs. His sentences were to run

concurrently with his sentence on a federal conviction for possession of a firearm by a convicted felon.   (Exhibit A to Respondent's Motion to Dismiss.)[1]

On October 3, 2005, Shelton submitted to the Rankin County Circuit Court what was deemed to be an incomplete motion under the Mississippi Post Conviction Relief Act , ["PCR"] Miss. Code Ann. §§ 99-33-9 (Rev.  2007) **and** 99-39-5(2) (Rev. 2007) .  This motion was returned to him unfiled.   After correction, Shelton filed a motion for PCR in the circuit court on October 21, 2005.  His PCR was denied by the circuit court as untimely on October 24, 2005, and this ruling was upheld by the Mississippi Court of Appeals and the Mississippi Supreme Court.   *See* **Shelton v. State**, 984 So.  2d 320 (Miss.  App.  2007) *reh'g denied* March 11, 2008; **Shelton v. State**, 984  So. 2d 277 (Miss.  2008) *cert.  denied* June 12, 2008.

On June 18, 2008,[2] Shelton signed his federal Petition for Writ of Habeas Corpus, and it was received and stamped "filed" by the Clerk of this Court on June 25, 2008.  As grounds for relief, Shelton contended that his plea of guilty was not a knowing and intelligent act because his counsel misled him by assuring him that a prior federal sentence would run concurrently with this state court sentence. Additionally, Petitioner contended that he was improperly sentenced as a habitual

---

[1] Unless otherwise indicated, all exhibits reference the exhibits to Respondent's Motion to Dismiss.

[2] Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date that it is delivered to prison officials for mailing to the district court.  **Coleman v. Johnson**, 184 F.  3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.  3d 1259 (5th Cir. 1999), *cert.  denied*, 529 U.S. 1057, 120 S.  Ct.  1564, 146 L.  Ed.  2d 467 (2000) (*citing* **Spotville v. Cain**, 149 F.  3d.  374, 376-378 (5th Cir.  1998).

2

offender; that his initial arrest and consent to search were illegal; and, that the State breached his valid plea agreement.

## **APPLICABLE LAW**

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], including the statute of limitations contained in 28 U.S.C. § 2244(d). Under § 2244(d), a petitioner must file his federal habeas relief petition challenging the state court conviction within one (1) year from the date his conviction becomes final. 28 U.S.C. § 2244(d) provides further as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

3

## ANALYSIS

### I. Argument of Respondent

Respondent contends that Shelton's judgment of conviction "became final" for AEDPA purposes on **November 4, 2002**, [as November 3rd was a Sunday] which was thirty-one days after his October 4, 2002, sentencing on his guilty plea. Under MISS. CODE ANN. § 99-35-101 (1972), there is no direct appeal from a guilty plea. Yet, the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerns an illegal sentence. *See* **Burns v. State**, 344 So.2d 1189 (Miss. 1977); **Trotter v. State**, 554 So.2d 313 (Miss. 1989); **Berry v. State**, 722 So.2d 706 (Miss. 1998); **Campbell v. State**, 743 So.2d 1050 (Miss. App. 1999); and, **Acker v. State**, 797 So.2d 966 (Miss. 2001). Shelton did not avail himself of this review, and Respondent asserts that his guilty plea judgment became final when this period expired, or thirty(30) days after the sentence was imposed, November 4, 2002.

The Respondent concludes that Shelton's one year statute of limitations under AEDPA began running on that date, **November 4, 2002**, and continued running until **November 4, 2003**.[3] Because no "properly filed" state court application was filed before November 4, 2003, to toll the statute, Shelton's petition filed in this Court on **June 25, 2008**, was untimely filed, 1,688 days beyond the AEDPA'S one- year statute of limitations period. [**November 4, 2003 - June 18, 2008**]. The state court post-conviction motion filed by Shelton in the circuit court on October 21, 2005,

---

[3]November 3, 2002, was a Sunday, so the correct calculation is thirty-one days.

was too late to toll the statute, as it was filed nearly two (2) years after the **November 4, 2003**, filing deadline. See **Flanagan v. Johnson**, 154 F. 3d 196, 201 (5th Cir. 1998); **Davis v. Johnson**, 158 F. 3d 806 (5th Cir. 1998).

The Undersigned finds that Respondent's calculations regarding the AEDPA statute of limitations comport with the applicable case law cited herein. The AEDPA statute began running on **November 4, 2002,** the date Shelton's conviction became final, and continued to run for one year until expiring on **November 4, 2003.** Hence, his habeas petition filed in this Court on **June 25, 2008,** was 1,688 days past the deadline.

## II. Response by Petitioner

Petitioner filed a [13] response on October 16, 2008, asserting that his motion should be considered on its merits. Shelton complains that the Mississippi courts did not consider his PCR filing timely under the Mississippi Post Conviction Relief Act. According to Shelton, he mailed his PCR one day before the three-year state court statute ran, and it should have been deemed timely. Shelton asserts that the state circuit court's action of returning his PCR to him was a "state created impediment" which should toll the Mississippi three-year statute for post conviction relief. Additionally, because he filed his federal petition within one year from the date of the Mississippi Supreme Court's final order denying him relief [June 8, 2008], Petitioner contends that his federal petition is timely.

Shelton's interpretation of the AEDPA statute is incorrect under the applicable case law.[4] In this case, the timeliness of Shelton's PCR under Mississippi law is irrelevant to the calculation of whether his federal habeas petition now before this Court was filed before the AEDPA one-year federal statute of limitations ran. The AEDPA statute ran without interruption nearly two years before Shelton attempted to file his PCR in state courts.

Any prisoner who anticipates filing a federal habeas corpus petition must file that petition within one year from the entry of his guilty plea or one year from the conclusion of his direct appeal. In order to toll the running of this AEDPA statute during that year, any state court proceedings must be filed before the AEDPA statute has run. Although a petitioner may still proceed in state court, as he has three years under the Mississippi Post-Conviction Relief Act to file a post-conviction motion, he forfeits his right to file a federal habeas petition if the AEDPA one-year statute is not met.

The Undersigned further finds no "rare and exceptional" circumstance in this case to warrant equitable tolling. Equitable tolling applies principally where the Plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Rashidi v. American President Lines**, 96. F. 3d 124, 128 (5th Cir. 1996). Equitable tolling

---

[4] *See*, **Townsend v. Booker**, Nos. 98-60691 and 99-600006 (5th Cir. November 3, 1999) (affirming the dismissal of habeas claims by the District Judge); **Green v. Booker**, No. 98-60799 (5th Cir. September 10, 1999) (reversing the District Judge's acceptance of Suspension Clause argument); and **Amerson v. Turner**, No. 99-60907 (5th Cir. Nov. 2, 2000) (adopting the undersigned's second opinion, which rejected the Suspension Clause argument after more recent Fifth Circuit opinions).

is also permitted only "in rare and exceptional circumstances." See **Scott v. Johnson**, 227 F.3d 260, 263 (5th Cir. 2000); **Davis v. Johnson**, 158 F.3d at 811. Petitioner has not met this burden here.

**CONCLUSION**

For the reasons discussed herein, it is the Undersigned's opinion that Petitioner's federal habeas petition is untimely and therefore barred under 28 U.S.C. §2244(d), and should not be considered on its merits.

It is therefore the recommendation of the Undersigned United States Magistrate Judge that Respondent's Motion to Dismiss be **granted,** and that the Petition for Writ of Habeas Corpus be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. §2244(d), and should not be considered on its merits.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 26th day of January 2009.

                                          S/Linda R. Anderson

UNITED STATES MAGISTRATE JUDGE