**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


**STEVEN RAY SHELTON, #40281**                                    **PETITIONER**

**VS.**                              **CIVIL ACTION NO. 3:08-cv-394-WHB-LRA**

**JACQUELYN BANKS**                                              **RESPONDENT**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Objection of Petitioner Steven Ray Shelton ("Shelton") to the Report and Recommendation entered by United States Magistrate Judge Linda R. Anderson on January 26, 2009. As Shelton is proceeding in this case *pro se*, the allegations in his Objection have been liberally construed. <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). Having considered the Objection,[1] the Court finds it is not well taken and should be denied.

On October 4, 2002, Shelton pleaded guilty to two counts of sale of a controlled substance, and was subsequently sentenced by the Circuit Court of Rankin County, Mississippi, to thirty years in the custody of the Mississippi Department of Corrections ("MDOC") on each count (to run concurrently) with twelve years to serve, to be followed by five years of supervised release. No appeal was taken from the guilty plea.

---

[1] On February 13, 2009, Respondent informed the Court that she would not be filing a response to Petitioner's Objection.

On October 3, 2005, Shelton submitted a motion under the Mississippi Post Conviction Relief Act ("MPCRA") to the Circuit Court of Rankin County, which was returned to him as incomplete. On October 21, 2005, Shelton submitted a corrected MPCRA motion to the Circuit Court of Rankin County, which was denied as untimely on October 24, 2005. The decision of the circuit court was upheld on appeal. See Shelton v. State, 984 So. 2d 320 (Miss. App. Ct. 2007), reh'g denied March 11, 2008; Shelton v. State, 984 So. 2d 277 (Miss. 2008), cert. denied June 12, 2009.

On June 18, 2008, Shelton submitted to this Court a Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, which was received and filed by the Clerk of Court on June 25, 2008. On August 14, 2008, Respondent filed a motion seeking dismissal of the Petition on the basis that is was untimely. After briefing was completed, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation ("R and R") on January 26, 2009, recommending that the Petition be dismissed as untimely. In the R and R, Judge Anderson found that to be timely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d), Shelton was required to file his Petition for federal habeas relief on or before November 4, 2003. See R and R, at 4. Judge Anderson additionally found that because Shelton had not filed any post-conviction motions in state court on or before that date, the applicable one-year statute of limitations had not

been tolled.  Finally, Judge Anderson concluded that because Shelton's Petition was not filed in this Court until June 18, 2008, it was untimely.  Id. at 4-5.

Judge Anderson next considered whether the applicable one-year limitations period was extended either (1) by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling.  Although Shelton argued that the decision of the Rankin County Circuit Court to refuse his first post-conviction motion as incomplete was a "state created impediment", Judge Anderson found his argument lacked merit. Specifically, Judge Anderson found that Shelton's October 2005 state court motions seeking post-conviction relief under the MPCRA could not have tolled the statute of limitations under the AEDPA because the one-year period provided by the AEDPA had expired before Shelton's post-conviction motions were filed.  See R and R, at 5-6.  On the issue of equitable tolling, Judge Anderson found that Shelton had failed to show that there existed "rare and exceptional circumstances" as to warrant relief under that doctrine.  See R and R, at 6-7.

A district judge has authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of a R and R to which a specific written objection has been made.  See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).  Thereafter, the district judge may accept, reject,

or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id.

Shelton has not raised any specific objection to the R and R, but generally argues that his Section 2254 Petition should not be dismissed as time-barred. In support of this argument, Shelton now argues that he was denied access to "legal research materials" while incarcerated at Marion Walthall Correctional Facility from December 4, 2002, to March 11, 2005, and that this "state created impediment" tolled the applicable statute of limitations.

The United States Court of Appeals for the Fifth Circuit has found that the absence of a copy of the AEDPA in a prison law library coupled with "the state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement" may result in a state created impediment for the purpose of tolling the statute of limitations set forth in 28 U.S.C. § 2244(d). See Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003). In this case, although Shelton argues that he was denied access to "legal research materials", he has neither alleged nor shown that he was denied access to a copy of the AEDPA, or that he was unaware of either the existence or provisions of this Act, including the relevant statute of limitations.

The Court is also aware from other cases that all Mississippi state inmates are provided a handbook when they enter the MDOC that

discusses the Inmate Legal Assistance Program, and explains the manner in which they can request assistance with legal work.  See e.g. Neal v. Bradley, Civil Action No. 2:05-cv67, 2006 WL 2796404, at *3 (N.D. Miss. Sept. 25, 2006)(explaining: "All inmates are provided with a handbook upon entry into the [MDOC]; the handbook sets forth, among other things, the operation of the Inmate Legal Assistance Program, what assistance is provided, and how to get help from the program.  Inmates are issued a new handbook after each revision.  They receive guidance from the Inmate Legal Assistance Program by submitting a request form.  The request need not be specific; a general request seeking assistance will result in a conference to determine the stage of the case and the next step.").  Mississippi inmates may also request a copy of the first step post-conviction packet, which discusses the AEDPA and the limitations period under that Act.  Id.[2]

The Court finds that copies of the AEDPA were available to Shelton through the MDOC Post Conviction Relief Packet and under the Inmate Legal Assistance Program,[3] and that Shelton (along with

---

[2]  Shelton had apparently requested and received a copy of the MDOC Post Conviction Relief Packet.  See Resp. to Mot. to Dismiss [Docket No. 13], at 2 (acknowledging that Shelton had access to the MDOC Post Conviction Relief Packet).

[3]  See Shelton v. Stringer, Civil Action No. 2:04-cv-79 (S.D. Miss. June 2, 2005) (indicating that during a hearing on a 42 U.S.C. § 1983 claim, Shelton stated that "while incarcerated at the Marion Walthall Correctional Facility, he had access to legal research through the Inmate Legal Assistance Program.").

all other inmates in custody of the MDOC) had access to this Act.
Shelton has not provided any evidence that he was unaware of the
AEDPA during the time he was incarcerated, that he was denied
access to a copy of this Act, or that he was at any time denied
legal assistance through the Inmate Legal Assistance Program.
Accordingly, the Court finds that Shelton has failed to show that
a state created impediment tolled the applicable statute of
limitations under the AEDPA and, therefore, that his Petition under
28 U.S.C. § 2254 should be dismissed as time barred.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of
the Magistrate Judge [Docket No. 15] is hereby accepted and
adopted.

IT IS FURTHER ORDERED that Petitioner's Objection [Docket No.
16] is hereby denied.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss
[Docket No. 9] is hereby granted.  A Final Judgment dismissing
Shelton's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254
with prejudice shall be entered this day.

SO ORDERED this the 5th day of March, 2009.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE